**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURJIT SINGH, | No. 08-74071 |
| Petitioner, | Agency No. A077-421-500 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012**

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Surjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Singh failed to show it is more likely than not that he will be tortured in India. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288-89 (9th Cir. 2008) (evidence of changed country conditions defeated CAT claim).

Contrary to the BIA's instructions to the IJ in its remand order, the IJ did not analyze Singh's claim with a presumption that his fear of future persecution was well-founded. Thus, the IJ did not shift the burden of proof to the government on the issues of changed country conditions and internal relocation. *See* 8 C.F.R. § 1208.13(b)(1)(ii). Accordingly, substantial evidence does not support the BIA's affirmation of the IJ's finding that Singh's presumption of future fear was rebutted by changed country conditions in India, because the IJ did not make this finding. For the same reasons, substantial evidence does not support the BIA's affirmation of the IJ's finding that the government established Singh could reasonably relocate outside the Punjab. Accordingly, we remand Singh's asylum and withholding of removal claims. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**